Boston Safe Deposit and Trust Company *vs.* Harriett W. Lerned & others.

Middlesex.   November 8, 1928. — November 28, 1928.

Present: Rugg, C.J., Crosby, Carroll, Wait, & Sanderson, JJ.

*Trust,* Construction of instrument creating trust.   *Deed,* Construction.

*Husband and Wife.   Probate Court,* Appeal.

A deed conveyed land to a trustee, and provided that a brother of the grantor was to occupy the property and to receive the income during his life, and that upon his death a certain woman named, and also designated as "the present wife of . . . [the brother], if she survives him," was to occupy the property and to receive the income during her life. The brother and the woman subsequently were divorced and the woman remarried. On a petition for instructions by the trustee after the death of the brother, it was *held,* that

(1) The interest of the woman in the property was in no way contingent upon her remaining the wife of the brother;

(2) Irrespective of her divorce and remarriage, the woman was entitled to occupy the property and to receive its income during her life;

(3) No prejudicial error appeared in the admission of evidence to show that the relations of the woman with the parents of the brother were friendly, even if such evidence were incompetent.

PETITION, filed in the Probate Court for the county of Middlesex on May 24, 1927, by the trustee under a deed of Robert Bacon, for instructions.

The petition was heard by *L. E. Chamberlain*, J., a stenographer having been appointed to take the evidence under G. L. c. 215, § 18. Material facts found by the judge and reported by him under G. L. c. 215, § 11, and a decree entered by his order, are described in the opinion. The respondent Robert Bacon appealed.

*E. V. Grabill & L. E. Flye*, for the respondent Robert Bacon, submitted a brief.

*E. R. Sparrow*, for the respondent Lerned.

CARROLL, J. This is an appeal, by Robert Bacon, from a decree of the Probate Court on a petition for instructions, filed by the trustee under a deed of trust from said Bacon to Florence L. Bacon as trustee. The petitioner is the successor of the trustee named in the deed.

The deed of trust provided that Louis A. Bacon was "to use and occupy" the premises conveyed "rent free during his lifetime"; that upon his death, "Hattie W. Bacon, the present wife of said Louis. A. Bacon, if she survives him, [was] to use and occupy said premises rent free during her lifetime." Hattie W. Bacon and Louis A. Bacon were divorced August 27, 1912, and on June 3, 1914, she married Lerned, who is living. Louis A. Bacon died March 1, 1927. The judge ruled that the deed of trust granted to Hattie W. Lerned after the death of Louis A. Bacon a life interest in the property. A decree was entered to the effect that Mrs. Lerned had the right to use and occupy the premises during her lifetime, and directing the trustee to pay her the net income of the trust property during her life.

The language of the deed shows that after the death of Louis A. Bacon, his "present wife" Hattie W. Bacon was to have the use of the property while she lived. The conveyance was to her by name designating her as the "present

wife" of Louis A. Bacon. Her interest was in no way contingent upon her remaining the wife of Louis. She was identified by the words used, and her subsequent divorce did not deprive her of the interest given her by the deed of trust. See *Babcock* v. *Smith*, 22 Pick. 61. It was intended that, on the death of Louis A. Bacon, she should be the beneficiary during her lifetime; and there is nothing in the deed making this enjoyment dependent on her remaining his wife. The decree of the Probate Court was right, and it is affirmed.

Certain evidence was introduced by Mrs. Lerned tending to show that her relations with Charles N. Bacon and Florence L. Bacon, the parents of Louis, were friendly. Even if this evidence were inadmissible, and we do not think it necessary to decide the question, it did no harm. The deed itself gave to Mrs. Lerned on the death of Louis A. Bacon the use of the property during her life, and this evidence did not in any way change her rights thereunder.

Costs as between solicitor and client are to be in the discretion of the Probate Court.

*Decree affirmed.*